UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Total Quality Logistics, LLC,

    Plaintiff,

        v.                          Case No. 1:24cv650

AJC Group, *et al*.,                  Judge Michael R. Barrett

    Defendants.

**OPINION & ORDER**

This matter is before the Court upon Plaintiff's Motion to Remand this action to the Court of Common Pleas for Clermont County, Ohio. (Doc. 14). Defendants filed a Response in Opposition (Doc. 20), and Plaintiff filed a Reply. (Doc. 21).

**I.    BACKGROUND**

Plaintiff, Total Quality Logistics, LLC ("TQL"), brings breach of contract, tortious interference, trade secret misappropriation, replevin, and conversion claims against Defendants, AJC Group, LLC and its affiliates ("AJC Defendants"),[1] Kevin Parras ("Parras"), and Jason Josephs ("Josephs"). TQL filed its initial complaint in the Court of Common Pleas for Clermont County, Ohio on September 9, 2024. (Doc. 3). TQL alleged that Parras and Josephs worked for TQL before leaving and using TQL's confidential information while working for the AJC defendants. (Doc. 3). TQL brought its trade secret claims under the Defend Trade Secrets Act, 18 U.S.C. 1836, *et seq.* ("DTSA"). TQL moved for a preliminary injunction to enforce its claims in state court. (Doc. 1-2, PageID

---

[1]TQL brings its claims additionally against AJC Group, LLC affiliates AJC Logistics, LLC d/b/a Eagle Logistics Systems and AJC Logistics, LLC d/b/a Seawide Express.

59).

On November 12, 2024, Josephs filed notice to remove the case to this Court based both on federal question jurisdiction, stemming from the original complaint's DTSA claims, and diversity jurisdiction. (Doc. 1). Parras then filed two motions to dismiss or transfer venue, each of which this Court denied as moot after TQL filed its Verified Amended Complaint on November 27, 2024. (Doc. 13; Doc. 9). TQL's Amended Complaint explicitly states that its trade secrets claims are based solely on Ohio and Florida trade secret law. (Doc. 9, PageID 259-60). TQL's amended complaint also includes a "Stipulation as to Amount in Controversy," which states:

> TQL hereby stipulates that the relief it seeks in this action, and will accept, as to any Defendant is limited in this action to judgment of the following in a cumulative amount that is less than $75,000.00, inclusive of compensatory damages, punitive damages, attorney's fees, and the fair value of any injunctive relief. This Stipulation includes all of the relief sought in TQL's First Amended Verified Complaint . . . . This Stipulation is intended to be unequivocal and binding on TQL and is to be used by the Court to limit the amount of any award to TQL.

(Doc. 9, PageID 264-65).

Between November 12, 2024—the day Josephs filed notice to remove—and November 27, 2024—when TQL filed its amended complaint—the parties' counsel corresponded regarding the case. The content and context of the correspondence is disputed. Defendants contend that, on November 18, 2024, TQL's counsel indicated that TQL "believed its damages are worth more than $75,000 and that it would seek damages in excess of $75,000 if Defendants would not stipulate to a remand." (Doc. 20-3, PageID 457). TQL denies that its counsel made any such statement. (Doc. 21-1, PageID 472).

II. ANALYSIS

A complaint which does not allege a cause of action arising under federal law

2

apparent on its face is not "well-pleaded" and does not "trigger" federal question jurisdiction under 28 U.S.C. § 1331. *Total Quality Logistics, LLC v. Traffic Tech., Inc.*, No. 1:22-cv-304, 2022 U.S. Dist. LEXIS 133142, at *12 (S.D. Ohio July 26, 2022) (quoting *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987))). As the "master of the complaint," a plaintiff may even "excise" federal-law claims from a pre-removal complaint by filing a post-removal amended complaint that deprives a federal court of federal question jurisdiction. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25, 35 (2025) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987)).

Here, TQL has validly excised the federal DTSA claims it alleged in its original state-court complaint by validly amending its complaint after it was removed. Because TQL's Verified Amended Complaint no longer contains—and indeed, expressly disclaims on its face—any well-pleaded DTSA claim or any other claim based on federal law, (Doc. 9, PageID 259-60), this Court may no longer exercise federal question jurisdiction over this matter.

To trigger a federal court's subject matter jurisdiction by way of diversity jurisdiction under 28 U.S.C. § 1332, a complaint must allege (1) parties that are completely diverse, and (2) an amount in controversy greater than $75,000. *Total Quality Logistics, LLC v. Lankford*, No. 1:23-cv-303, 2023 U.S. Dist. LEXIS 118484, at *3 (S.D. Ohio July 10, 2023) (citing 28 U.S.C. § 1332(a)). Because "a plaintiff is the master of his or her complaint," a plaintiff may choose to prevent diversity jurisdiction from arising by limiting the amount of relief they could possibly receive to an amount below the $75,000 threshold. *Id.* at *4-*5 (quoting *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019)).

However, some states, including Ohio, prohibit a plaintiff from specifying the exact amount of damages sought in their complaint. *See Total Quality Logistics, LLC v. Neal*, 1:24-cv-742, 2025 U.S. Dist. LEXIS 62212, at *4-5 (S.D. Ohio Apr. 1, 2025) (quoting Ohio Civ. R. 8(A)("If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought.")). In addition, because a plaintiff in Ohio can recover more damages than alleged in the complaint, "[a]n allegation in a complaint purporting to cap the alleged damages below the federal jurisdictional amount is not enforceable." *Id*. (quoting Ohio Civ. R. 54(C) ("every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings.")). Nevertheless, a plaintiff in Ohio wishing to avoid removal may "file a stipulation clarifying that they *always* desired recovery *below* the jurisdictional threshold." *Lankford*, 2023 U.S. Dist. LEXIS 118484 at *10-11 (emphasis in original) (citing *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469-71 (6th Cir. 2019)). "So long as the stipulation's language is unequivocal and binding, and so long as it is a clarification rather than a reduction, that stipulation deprives the federal court of diversity jurisdiction." *Id.*[2]

Defendants argue that TQL is attempting to impermissibly reduce, not clarify, the amount in controversy because the Stipulation is not the first statement specifying the amount in controversy. Defendants point out that TQL previously moved for a preliminary

---

[2] In its Stipulation, TQL used language nearly identical to that which this Court has already accepted as unequivocal and binding for purposes of limiting the amount in controversy to a figure below the jurisdictional threshold. *Compare* (Doc. 9, PageID 264-65) ("TQL hereby stipulates that the relief it seeks in this action, and will accept . . . is limited to judgment of the following . . . . This Stipulation includes all of the relief sought in TQL's First Amended Verified Complaint . . . .") *with Lankford*, 2023 U.S. Dist. LEXIS 118484, at *2 ("Total Quality Logistics, LLC . . . hereby stipulates that the relief it seeks, and will accept . . . is limited to judgment in . . . . This stipulation includes all of the relief sought in the Verified Complaint.").

injunction which was worth more than $75,000 and, in addition, counsel indicated that TQL would seek more than $75,000 in damages if Defendants refused to stipulate to remand.

As this Court has already emphasized, courts do not consider plaintiffs' *pre-*removal statements about the amount in controversy unless they state that amount expressly. *Lankford*, 2023 U.S. Dist. LEXIS 119484, at *10. Rather, it is the plaintiff's *post-*removal activity that counts. *See Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 Fed. App'x 463, 469 (6th Cir. 2019); *see also Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) ("[A] post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court.").

As for counsel's alleged post-removal statements about the amount in controversy, the parties dispute their exact content, and that is enough for the Court to accept TQL's stipulation as "the first time" that TQL has "provide[d] specific information about the amount in controversy" post-removal. *Heyman*, 781 Fed. App'x at 469 (quoting *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014)); *see also id.* at 468 ("[A]pplication of 'the removal statute should be strictly construed and all doubts resolved in favor of remand.'") (quoting *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006)). Defendants only contend that TQL's counsel indicated that "TQL *believed* its losses" exceeded $75,000 and "that TQL *would* seek damages in excess of $75,000 in relief unless Defendants consented to remand." (Doc. 20, PageID 413) (emphases added). The Court resolves any doubt about whether those statements are sufficiently "specific" as to supersede TQL's stipulation—that it will neither seek nor accept any such damages—in favor of remand.

5

Finally, Defendants argue that TQL's stipulation is not unequivocal and binding and should not be enforced because TQL included it in an amended complaint rather than a formal, separate "stipulation." (Doc. 20, PageID 415). While this Court has previously denied TQL's attempt to rely on a stipulation contained within a pleading, this Court rejected that attempt because its language was insufficiently unequivocal to warrant remand. *Compare Total Quality Logistics, LLC v. All. Shippers, Inc.*, No. 1:19-cv-1052, 2020 U.S. Dist. LEXIS 104360, at *2 (S.D. Ohio June 15, 2020) ("The amount in controversy exceeds $25,000 <u>but is not greater than $75,000 inclusive of compensatory damages, punitive damages, attorney's fees, and injunctive relief</u>.") *with* (Doc. 9, PageID 264) ("TQL hereby stipulates that the relief it seeks in this action, and will accept . . . is limited in this action to judgment of the following in a cumulative amount that is less than $75,000.00 . . . ."). Moreover, this Court has previously accepted jurisdictional stipulations contained within pleadings that purport to clarify the amount in controversy. *See, e.g.*, *Total Quality Logistics, LLC v. Navajo Express*, No. 1:18-cv-230, 2018 U.S. Dist. LEXIS 72721, at *7-*8 (S.D. Ohio Apr. 30, 2018). Therefore, the Court finds TQL's statement clarifying that it will not seek *or accept* any judgment greater than the $75,000 threshold sufficiently unequivocal to warrant remand. *Accord Heyman*, 781 Fed. App'x at 470 (characterizing a stipulation that plaintiff "will not seek or accept damages in excess of $75,000" as sufficiently unequivocal to warrant remand). And the Court resolves any remaining doubts about whether a stipulation contained within a complaint is sufficiently binding in favor of remand. *Accord Burke-Williams v. Volkswagen Grp. Of Am., Inc.*, No. 1:15-cv-702, 2015 U.S. Dist. LEXIS 172193, at *7 (S.D. Ohio Dec. 28, 2015) ("Given that the Court is convinced that Plaintiff will be bound by the stipulation made in the Complaint

throughout the course of the litigation, it resolves any doubts or ambiguities in the law in favor of remand.").

The Court finds that TQL clarified that the amount in controversy is not met in this matter by including its "Stipulation as to Amount in Controversy" in the Amended Complaint. (Doc. 9, PageID 264-65). Accordingly, this Court may not exercise diversity jurisdiction over the matter. *See Lankford*, 2023 U.S. Dist. LEXIS 118484, at *6.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand (Doc. 14) is **GRANTED** and this case shall be **REMANDED** the Court of Common Pleas for Clermont County, Ohio. Accordingly, Plaintiff's Motion to Stay Briefing on Defendant's Motion (Doc. 18) is **DENIED as MOOT**.  The Court **INSTRUCTS** the Clerk to **TERMINATE** this matter on the Court's active docket.

**IT IS SO ORDERED.**

                               */s/ Michael R. Barrett*
                               Michael R. Barrett
                               United States District Judge